IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                              CRIMINAL NO. 07-50058

CEDRIC T. WOODS                                                       DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 10, 2010, Defendant, Cedric T. Woods, filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and for an evidentiary hearing so that the Court could reexamine Defendant's sentence under the factors set forth in 18 U.S.C. § 3553(a). (Doc. 36). On November 1, 2010, United States District Judge Jimm Larry Hendren referred the motion to the undersigned. The Government filed a Response (Doc. 38) and Defendant filed a Reply (Doc. 41).

**I.   Background:**

On August 8, 2007, a grand jury returned a four-count indictment against Defendant: Count 1 charged Defendant with knowingly distributing more than 5 grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); Count 2 charged Defendant with knowingly distributing more than 5 grams of crack in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) and 18 U.S.C. § 2; Count 3 charged Defendant with knowingly distributing more than 5 grams of crack in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); and Count 4 charged Defendant with knowingly possessing with intent to

AO72A
(Rev. 8/82)

distribute more than 5 grams of crack in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). (Doc. 1).

On August 15, 2007, Defendant appeared with his appointed counsel for arraignment on the four-count indictment. (Doc. 3). Defendant entered a not guilty plea.

On October 1, 2007, Defendant appeared with his appointed counsel before Judge Hendren, for a change of plea hearing. (Doc. 24). Pursuant to the plea agreement, Defendant agreed to plead guilty to Count 4 of the indictment and, in return, the Government would move to dismiss Counts 1 through 3 at sentencing. (Doc. 25). Further, the Government agreed not to make a recommendation as to a specific sentence, not to object to a reduction for acceptance of responsibility, and to consider moving for a downward departure. The Court accepted Defendant's plea and a presentence report was ordered.

On December 10, 2007, Defendant filed an unopposed motion to substitute an amended plea agreement in order to correct the factual basis in paragraph 8 to reflect cocaine rather than crack cocaine. (Doc. 27). The change would correct the penalty provision to reflect the penalties for cocaine rather than crack cocaine. On December 12, 2007, the Court granted the motion to substitute an amended plea agreement. (Doc. 28). On December 18, 2007, the amended plea agreement was filed. (Doc. 29).

The United States Probation Office prepared a Presentence Investigation Report ("PSR") on December 21, 2007.[1] In calculating the guideline range, the Probation Office converted the illegal drugs seized to their marijuana equivalents. (PSR ¶ 18). According to the PSR, Defendant's base offense level was 26 because he was responsible for 175.75 kilograms of

---

[1] The 2007 edition of the Guidelines Manual was used in this case. (PSR, ¶ 22).

AO72A
(Rev. 8/82)

marijuana equivalent. (PSR ¶23). Defendant's offense level was reduced to 23 based on adjustments for acceptance of responsibility. (PSR ¶ 31).

The Probation Officer determined Defendant was a career offender under Guideline Section 4B1.1, based upon two prior felony convictions for a controlled substance. (PSR, ¶ 32). Thus, Defendant's offense level was determined to be 32 and with the adjustment for acceptance of responsibility, Defendant's total offense level was 29. (PSR, ¶ 34). Defendant's criminal history category was determined to be VI. (PSR, ¶ 48). With an offence level of 29 and a criminal history category of VI, Defendant's Applicable Guideline Range of imprisonment was 151 to 188 months. (PSR, ¶ 72). The Probation Officer received letters from both the Government and Defendant on January 16, 2008, that they had no objections to the report.

On April 23, 2008, Defendant appeared before the Court and Judge Hendren entered a Judgment and Commitment against Defendant, sentencing him to 130 months in prison; three years supervised release; $100.00 Special Assessment; and $10,000.00 fine. (Doc. 35). Defendant's sentence of 130 months imprisonment was a result of the Court departing from the advisory guideline range by two-levels based on 18 U.S.C. § 3553(e) and a 5K1.1 motion of the Government.

In his motion, Defendant asks the Court for a resentencing under 18 U.S.C. § 3582, because his sentence was based in part on § 2D1.1, a guideline range that has been subsequently lowered by the crack cocaine amendments. Defendant, relying on United States v. Booker, 543 U.S. 220 (2005), further requests the Court take into account mitigating circumstances under 18 U.S.C. § 3553(a). The Government contends that the crack cocaine amendments do not change the career offender provision, nor did they lower the guideline range applicable to that provision,

therefore no reduction is authorized under the statute. Regarding mitigating circumstances, the Government contends that Booker does not apply to 18 U.S.C. §3582(c)(2) motions.

**II.    Discussion:**

The Defendant has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the United States Sentencing Guidelines. Amendment 706 reduced most of the base offense levels that apply to crack cocaine offenses. See U.S.S.G. § 2D1.1(c). Section 3582(c)(2) allows a court to reduce a Defendant's term of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." The "applicable policy statement" authorizes a sentence reduction based on Amendment 706 unless the amendment is not "applicable to the defendant" or "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2), (c).

It is settled law in the Eighth Circuit that a Defendant who was originally sentenced under the career offender guideline is not eligible for a sentence reduction based on Amendment 706. See United States v. Tingle, 524 F.3d 839, 840 (8th Cir.) (per curiam), cert. denied --- U.S. ----, 129 S.Ct. 473 (2008). This is so because Amendment 706 lowers the offense levels in U.S.S.G. § 2D.1.1(c) that relate to crack cocaine drug quantities, but does not affect the sentencing ranges or offense levels for career offenders under U.S.S.G. § 4B 1.1(b). See Tingle, 524 F.3d at 840. In this case, it is clear that the Court sentenced Defendant under the career offender guideline. Accordingly, Defendant is not eligible for a sentence reduction based on Amendment 706. Further, Defendant's request for an evidentiary hearing is also denied. See Dillon v. United

AO72A
(Rev. 8/82)

States, 130 S.Ct. 2683, 2690 (2010)( § 3582(c) does not authorize a sentencing or resentencing proceeding).

### III.    Conclusion:

For the foregoing reasons, the Court recommends that Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and for an evidentiary hearing so that the Court could reexamine Defendant's sentence under the factors set forth in 18 U.S.C. § 3553(a) should be DENIED.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 4th day of January 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE