IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

         v.                    No. 07-50058

CEDRIC T. WOODS                                            DEFENDANT

<u>O R D E R</u>

NOW on this 13th day of April 2011, comes on for consideration the **Magistrate Judge's Report and Recommendation** (Doc. 42), and defendant's objections thereto (Doc. 43).  Also before the Court is defendant's **Motion to Increase U.S.S.G. §5K1.1 Downward Departure Percentage to 49.9 Percent** (Doc. 44), and the government's response thereto (Doc. 45).

The Court, being well and sufficiently advised, finds as follows:

1.   Defendant was indicted on four counts of possession with the intent to distribute cocaine base (crack cocaine) and cocaine. Defendant pled guilty pursuant to an amended plea agreement to one count of possession of cocaine with an intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c).

On April 23, 2008, defendant was sentenced by the undersigned. As set forth in the Presentence Investigation Report prepared by the U.S. Probation Officer -- to which defendant had no objections -- defendant's total offense level was determined to be 32 based on his status as a career offender under § 4B1.1, with a criminal

history category of VI.  After reducing defendant's offense level
three levels for acceptance of responsibility under § 3E1.1, and
departing two levels based on the government's § 5K1.1. motion and
18 U.S.C. § 3553(e), the Court determined that defendant's total
offense level was 27, which provided a sentencing range of 130 to
162 months.

The Court sentenced defendant to 130 months imprisonment;
three years supervised release; $100 special assessment; and a
$10,000 fine.

2.  On August 10, 2010, defendant filed a **Motion for
Resentencing Pursuant to 18 U.S.C. § 3582(c)(2)** (Doc. 36) in which
he asks the Court to re-sentence him on the following grounds:

*  First, defendant asserts that he is eligible for
retroactive application of Amendment 706[1] pursuant to 18 U.S.C. §
3582(c)(2)[2].  "Amendment 706 altered the drug quantity table in

---

[1] Although defendant refers to "Amendment 9" in his motion,
it is clear to the Court that he is actually referring to
Amendment 706 to the United States Sentencing Guidelines.  This
amendment was referred to as Amendment Nine for awhile, but was
eventually incorporated into Amendment 706 and was later further
amended, in part, by Amendment 711.  *See United States v. Greene*,
2010 U.S. Dist. LEXIS 37782 at *4 (N.D. Fla. Mar. 23, 2010).

[2] Section 3582(c)(2) provides that:

in the case of a defendant who has been sentenced to
a term of imprisonment based on a sentencing range
that has subsequently been lowered by the Sentencing
Commission pursuant to 28 U.S.C. 994(o), upon motion
of the defendant or the Director of the Bureau of
Prisons, or on its own motion, the court may reduce
the term of imprisonment, after considering the
factors set forth in section 3553(a) 18 USCS §
3553(a)] to the extent that they are applicable, if

U.S.S.G. § 2D1.1 to reduce the base offense level for offenses involving cocaine base by two levels." *United States v. Higgins*, 584 F.3d 770, 771 (8th Cir. 2009). Defendant argues that his base offense level should be adjusted downward based on Amendment 706.

\*    Second, defendant asserts that he can demonstrate to the Court mitigating factors pursuant to 18 U.S.C. § 3553(a) that justify a modification of his sentence. Specifically, defendant asserts that modifying his sentence would serve the ends of justice because it would be in accordance with Amendment 706; that a lower sentence would still deter him from committing future crimes; that he has fully paid the special assessment; that he is participating in all educational and drug programs; and that he has clearly demonstrated an acceptance of responsibility for his offenses.

3.    The Court referred defendant's motion for re-sentencing to the Magistrate Judge.

4.    On January 4, 2011, the Magistrate Judge issued her Report and Recommendation in which she found the following:

\*    that defendant is not eligible for a sentence reduction based on Amendment 706 because he was sentenced under the career offender provision of U.S.S.G. § 4B1.1; and

---

such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

-3-

*    that defendant's request for an evidentiary hearing so that the Court could reexamine his sentence by taking into account the mitigating factors under 18 U.S.C. § 3553(a) be denied.

5.   The Court begins by examining the standard to be applied to motions brought under § 3582(c)(2):

*    The Eighth Circuit has stated that a federal court generally "'may not modify a term of imprisonment once it has been imposed,'" but § 3582(c)(2) provides an exception to that rule "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *United States v. Burrell*, 622 F.3d 961, 962 (8th Cir. 2010) (*quoting Dillon v. United States,* 560 U.S. ____, 130 S. Ct. 2683, 2687, 177 L.Ed.2d 271 (2010) (*in turn quoting* 3582(c)).

*    When considering a § 3582(c)(2) motion, a district court must "'begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing.'" *Burrell*, 622 F.3d at 963 (*quoting Dillon*, 130 S. Ct. at 2691) (alteration in original) (*in turn quoting* U.S.S.G. § 1B1.10(b)(1)). "The court must then 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (*quoting Dillon* at 2692). In determining whether

-4-

and to what extent a reduction in sentence is warranted, the court may consider "'the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment'" and the "'post-sentencing conduct of the defendant.'" *Burrell*, 622 F.3d at 964 (*quoting* U.S.S.G. § 1B1.1(b) at cmt. n.1(B)(iii)).

6.    In this case, defendant argues that his guideline range was lowered by Amendment 706 and, thus, he is entitled to a reduced sentence under § 3582(c)(2).  The effective date of Amendment 706 was November 1, 2007, and it became retroactive, pursuant to Amendment 713, on March 3, 2008.  Defendant was sentenced on April 23, 2008, which was after the effective date of Amendment 706.  As noted by the U.S. Probation Officer in the Presentence Investigation Report, the 2007 edition of the Guidelines Manual was used in this case.  The 2007 edition incorporated guideline amendments effective November 1, 2007 - which included Amendment 706.  Thus, the relevant amendment -- Amendment 706 -- was in effect at the time of defendant's sentencing and, therefore, the drug quantity table, as altered by Amendment 706, was used in calculating defendant's base offense level.

7.    Amendment 706 ultimately had no impact on defendant's sentence, however, because he was sentenced pursuant to the career

offender[3] provision, § 4B1.1.   Under § 4B1.1, the Court was instructed to apply the base offense level of § 4B1.1 if it was greater than the level calculated using § 2D1.1. *See* United States Sentencing Commission, <u>Guidelines Manual</u>, § 4B1.1(b) (Nov. 2007). In this case, the § 4B1.1 level of 32 was used because it was greater than the base offense level calculated using the drug quantity table under § 2D1.1, which was 26.

8.   Thus, defendant's sentencing range was not lowered by Amendment 706 because he was sentenced after the effective date of Amendment 706, and he was sentenced as a career offender under § 4B1.1.   Therefore, defendant's § 3582(c)(2) motion is without merit and will be denied. *See United States v. Tepper*, 616 F.3d 583, 585 (8th Cir. 2010) (affirming district court's denial of § 3582(c)(2) motion where defendant was sentenced under career offender provision).   Further, because defendant has failed to show that his sentencing range was lowered by the Sentencing Commission, the Court need not address the factors set forth in § 3553(a).

9.   Therefore, the Court finds that defendant's objections are overruled, that the Magistrate Judge's Report and

---

[3]   Defendant argues that he did not qualify as a career offender under § 4B1.1 because his prior convictions were not "crimes of violence."   § 4B1.1 applies where the prior felony offenses were either crimes of violence or controlled substance offenses.   As set forth in his Presentence Investigation Report, defendant had two prior felony convictions involving controlled substances (crack cocaine and cocaine).   Thus, defendant clearly qualified as a career offender under § 4B1.1

Recommendation is sound and will be adopted *in toto,* and that defendant's **Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2)** (Doc. 36) should be and will be denied herein.

10.  Defendant has also filed a **Motion to Increase U.S.S.G. §5K1.1 Downward Departure Percentage to 49.9 Percent** (Doc. 44) in which he asserts that the downward departure he received in this case only represented a 13% decrease[4], which is lower than the median percent decrease of 49.9%.

As set forth above, the Court applied a two-level departure to defendant's base offense level based on the government's motion for downward departure brought pursuant to § 5K1.1 and 18 U.S.C. § 3553(e).  This two-level departure brought defendant's offense level down to a 27, which provided a guideline range of 130-162[5] months.  The Court sentenced defendant at the low-end of the range -- 130 months -- which represented a 14% reduction based on the § 5K1.1 departure.

Defendant did not object to the amount of departure that the government recommended based on his level of assistance.  Although 49.9 percent may be the median percent decrease for § 5K1.1 departures, defendant has cited no case law or statutory authority that says he is entitled to a decrease that meets a national norm.

---

[4]  As set forth below, the decrease was actually a 14% decrease.

[5]  Under his original offense level of 29, the sentencing range was 151 to 188 months.

Indeed, the United States Supreme Court has rejected the notion that rigid mathematical formulas and percentages should be used as the standard for determining the reasonableness of a specific sentence. *See Gall v. United States,* 552 U.S. 38, 47 (2007).

11. Further, a judgment of conviction that includes a sentence of imprisonment constitutes a final judgment. Rule 35(a) of the Federal Rules of Criminal Procedure allows the court, within 14 days of sentencing, to correct a sentence "that resulted from arithmetical, technical, or other clear error." Defendant filed his motion almost two years after his sentence was imposed and, therefore, the Court does not have the authority to modify his sentence under Rule 35(a), even if there were a basis to do so.

Rule 35(b) allows the Court to reduce a sentence for substantial assistance "[u]pon the government's motion." The government has not requested that the Court reduce defendant's sentence; to the contrary, the government opposes any reduction in defendant's sentence.

12. Rule 36 of the Federal Rules of Criminal Procedure permits the court to correct at any time "a clerical error" in a judgment, order, or other part of the record, or correct an error in the record "arising from omission or oversight." Rule 36 "does not permit a district court to *modify* a sentence at any time." *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994).

13.  Indeed, a district court may not modify a term of imprisonment except in the following circumstances: (1) upon motion of the Director of the Bureau of Prisons based on extraordinary circumstances; (2) as permitted by Rule 35 of the Federal Rules of Civil Procedure; and (3) in those cases where there has been a retroactive amendment to the sentencing guidelines that lowers the sentencing range of the defendant.  *See generally* 18 U.S.C. § 3582(c)(2).

None of these circumstances justifying a modified sentence are present in this case.   Therefore, defendant's motion to increase the percentage of his downward departure will be denied.

**IT IS THEREFORE ORDERED** that defendant's objections to the Magistrate Judge's Report and Recommendation are **overruled.**

**IT IS FURTHER ORDERED** that the **Magistrate Judge's Report and Recommendation** (Doc. 42) is hereby **adopted *in toto.***

**IT IS FURTHER ORDERED** that defendant's a **Motion for Resentencing Pursuant to 18 U.S.C. § 3582(C)(2)** (Doc. 36) is **DENIED.**

**IT IS FURTHER ORDERED** that defendant's **Motion to Increase U.S.S.G. §5K1.1 Downward Departure Percentage to 49.9 Percent** (Doc. 44) is **DENIED.**

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
HON. JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE