IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                      CRIMINAL NO. 07-50058-001

CEDRIC T. WOODS                                                             DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the Defendant's pro se **"Motion Seeking Additional Jail Credit" (Doc. 63).** The undersigned, being well and sufficiently advised, finds and recommends as follows:

On April 23, 2008, Defendant was sentenced to 130 months imprisonment for the offense of possession with intent to distribute more than five grams of cocaine. In the motion currently before the Court, Defendant seeks credit toward his sentence for time he spent in state custody on a parole revocation sentence that resulted from the federal charges in this Court.

A request for credit for prior custody must be made, in the first instance, through the Bureau of Prisons ("BOP") after the Defendant begins his sentence. Administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time a Defendant has served. Once the Defendant has exhausted his administrative remedies, he may then seek judicial review of any jail-time credit determination by the BOP by filing a habeas petition under 28 U.S.C. § 2241 in either the district where he is confined (the Eastern District of Kentucky), in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office.. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).

Accordingly, the undersigned recommends denying Defendant's Motion (Doc. 63).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 16th day of June, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)